IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, DR. KARL THOMAE GMBH, BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., <br><br>        Plaintiffs, <br><br> v. <br><br> BARR LABORATORIES, INC., and BARR PHARMACEUTICALS, INC., <br><br>        Defendants. | CASE NO. 1:07-cv-00432-GMS <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND

1.   On information and belief, Barr admits the allegations of paragraph 1.

2.   On information and belief, Barr admits the allegations of paragraph 2.

3.   On information and belief, Barr admits the allegations of paragraph 3.

4.   On information and belief, Barr admits the allegations of paragraph 4.

5.   Barr does not have information sufficient to form a belief as to the allegations in paragraph 5, and therefore denies them. Barr does not object to collectively referring to the plaintiffs as "Boehringer."

6.   Barr admits the allegations of paragraph 6.

7.   Barr admits the allegations of paragraph 7.

8. Barr admits that Barr Laboratories, Inc. is a subsidiary of Barr Pharmaceuticals, Inc. Barr Laboratories denies any remaining allegations of paragraph 8.

9. Barr denies the allegations of paragraph 9.

10. Paragraph 10 does not contain any fact that must be admitted or denied. Furthermore, Barr Pharmaceuticals, Inc. is inappropriately listed on this Complaint.

## JURISDICTION AND VENUE

11. Barr admits that this Court has subject matter jurisdiction for claims of patent infringement and that venue is proper. Barr denies any remaining allegations of paragraph 11.

12. Barr admits that it is subject to jurisdiction in this Court. Barr denies any remaining allegations of paragraph 12.

## CLAIM FOR RELIEF

13. Barr admits that the FDA lists Boehringer as the holder of approved NDA No. 20-884, for 200mg extended release dipyridamole and 25mg acetylsalicylic acid ("aspirin") capsules that Boehringer sells as Aggrenox®. Barr denies the remaining allegations of paragraph 13.

14. Barr admits that the '577 patent states on its face an issue date of January 18, 2000, lists Dr. Karl Thomae GmbH as the assignee, and is entitled "Pharmaceutical Compositions Containing Dipyridamole or Mopidamol and Acetylsalicylic Acid or the Physiologically Acceptable Salts Thereof, Processes for Preparing Them and Their Use in Treating Clot Formation." Barr denies that the '577 patent duly and legally issued. Barr is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies them.

15. Barr admits that Exhibit A bears on its face U.S. Patent No. 6,015,577.

16. Barr admits that Barr Labs filed ANDA No. 78-804 under 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture, import, use, or sale of 200mg dipyridamole/25mg aspirin capsules before the expiration of the '577 patent. Barr denies any remaining allegations of paragraph 16.

17. Barr admits that in the letter dated May 31, 2007, Barr Labs notified Karl Thomae GmbH, Boehringer Ingelheim Pharma KG, Boehringer Ingelheim Pharmaceuticals, Inc., and Boehringer Ingelheim Corporation that Barr Labs filed ANDA No. 78-804, further notifying these parties that Barr Labs had filed a Paragraph IV certification seeking approval before the expiration of the '577 patent, and the notice letter to these parties contained detailed factual and legal statements as to why the asserted '577 patent is invalid, unenforceable, and/or not infringed by Barr Labs' ANDA products. Barr denies any remaining allegations of paragraph 17.

18. Barr admits that Barr Labs' filing of ANDA No. 78-804, containing a paragraph IV certification for the asserted patent, vests this Court with subject matter jurisdiction pursuant to 35 U.S.C. § 271(e). Barr denies the remaining allegations of paragraph 18.

19. One cannot infringe an invalid claim, nor is there any need to address non-infringement if the claims are invalid. The Notice Letter contains one or more invalidity positions and non-infringement positions for various claims of the asserted patent. Barr does not infringe any valid claims. Therefore, Barr denies the allegations contained in paragraph 19.

20. Barr denies the allegations contained in claim 20.

21. Barr denies the allegations contained in claim 21.

22. Barr denies the allegations contained in claim 22.

23. Barr denies the allegations contained in claim 23.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Barr does not actually infringe, and if marketed would not infringe, any valid and enforceable claims of the asserted patent with its ANDA products that are the subject of ANDA No. 78-804.

### Second Affirmative Defense

The claims of the asserted patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112, or other judicially-created bases for invalidation.

### Third Affirmative Defense

The asserted patent is unenforceable due to inequitable conduct before the PTO, for at least the reasons discussed in Barr Labs' Counterclaims identified below.

### Fourth Affirmative Defense

Boehringer is not entitled to relief because it is estopped by prosecution history and subject to prosecution history laches.

### Fifth Affirmative Defense

Boehringer has failed to state any claim against Barr Pharmaceuticals, Inc.

WHEREFORE, Defendants hereby demand judgment dismissing Plaintiff's Complaint with prejudice, judgment for costs and fees of suit, and for such other relief as the Court may deem just.

## COUNTERCLAIMS

For its counterclaims against Boehringer Ingelheim Pharma GmbH & Co. KG, Plaintiffs Karl Thomae GmbH, Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Pharmaceuticals, Inc. (referred to collectively as "Boehringer"), Defendant Barr Laboratories, Inc. ("Barr Labs") states as follows:

### Parties

1. Barr Laboratories, Inc. is a Delaware corporation having its corporate offices and a principal place of business at Two Quaker Road, P.O. Box 2900, Pomona, NY 10970.

2. On information and belief, Boehringer Ingelheim Pharma GmbH & Co. KG is a limited partnership organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

3. On information and belief, Dr. Karl Thomae GmbH is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Birkendorfer Strasse 65, 88400 Biberach, Germany.

4. On information and belief, Boehringer Ingelheim International GmbH is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

5. On information and belief, Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Road, Ridgefield, Connecticut 06877.

## Jurisdiction and Venue

6. This action arises under the patent laws of the United States of America. Subject matter jurisdiction is proper in this Court by Title 28, United States Code Sections 1331, 1338(a), 2201, and/or 2202.

7. Personal jurisdiction is proper in this Court because Boehringer has subjected itself to the jurisdiction of this court by virtue of filing the Complaint.

8. Venue is proper in this Court under Title 28, United States Code 1391 and 1400.

## Background

9. On information and belief, the United States Patent and Trademark Office issued U.S. Patent No. 6,015,577 ("the '577 patent"), listing Wolfgang Eisert and Peter Gruber as inventors, and listing Dr. Karl Thomae GmbH as the assignee.

10. Boehringer asserts that Barr infringes and, if the products are marketed will infringe, claims of the '577 patent. Boehringer claims to own and have the right to enforce this asserted patent.

11. On information and belief, Boehringer is the current holder of approved New Drug Application ("NDA") No. 20-884 for AGGRENOX®, 200mg extended release dipyridamole and 25mg acetylsalicylic acid ("aspirin") capsules.

12. The Hatch-Waxman Amendments to the Federal Food, Drug, and Cosmetic Act ("FDCA") authorize a generic drug company to submit an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA").

13. The FDCA requires NDA holders to disclose to the FDA the patent numbers and expiration dates of patents that the holders believe claim the "drug" for which the NDA is

submitted, or patents covering a "method of using such drug." 21 U.S.C. §§ 355(b)(1) and (c)(2).

14. The FDA then lists patents identified by the NDA holders in the publication "Approved Drug Products with Therapeutic Equivalence Evaluations," which is commonly called the "Orange Book."

15. If a company seeks approval to market a generic version of an NDA drug before a patent listed in the Orange Book expires, then the company seeking to obtain approval must include in its ANDA submission a "certification" that the patent is invalid, unenforceable, and/or would not be infringed by the generic product. This type of certification is commonly called a "Paragraph IV Certification."

16. The ANDA applicant must send both the NDA holder and the patent holder a notice letter that includes a detailed statement of factual and legal bases for the ANDA applicant's opinion that the patent is invalid, unenforceable, and/or would not be infringed.

17. Pursuant to 21 U.S.C. § 355(j)(5)(C), the ANDA applicant may include within its notice letter an "offer of confidential access" to its ANDA, which provides the NDA holder the opportunity to inspect the ANDA "for the purpose of determining whether" it should file suit against the ANDA holder.

18. The FDA "Orange Book" lists the '577 patent associated with Boehringer's NDA No. 20-884 for Aggrenox® 200mg extended release dipyridamole and 25mg acetylsalicylic acid ("aspirin") capsules.

19. Barr Labs filed with the FDA an ANDA containing a Paragraph IV Certification to obtain approval to engage in the manufacture, use or sale of certain formulations and doses of

7

200mg extended release dipyridamole and 25mg acetylsalicylic acid ("aspirin") capsules ("Barr Labs' ANDA products").

20. In a letter dated May 31, 2007, Barr's representative provided Boehringer with notice that it had submitted an ANDA with a Paragraph IV certification, and the notice letter contained a detailed factual and legal statement as to why the asserted patent is invalid, unenforceable and/or not infringed by Barr Labs' ANDA products.

21. Within its notice letter, and pursuant to 21 U.S.C. § 355(j)(5)(C), Barr Labs offered to provide its ANDA to Boehringer with certain confidentiality provisions.

22. Boehringer filed a patent infringement lawsuit against Barr Labs. In its complaint, Boehringer alleges that Barr Labs' ANDA products will infringe the '577 patent, which Barr Labs has denied herein.

23. This case is an exceptional one, and Barr Labs is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### COUNT I
### Declaration of Non-Infringement of the '577 patent

24. Barr Labs re-alleges and incorporates herein the allegations of paragraphs 1-23.

25. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that claims of the '577 patent will not be infringed by the manufacture, use, offer for sale, or sale of Barr Labs' ANDA products.

26. Boerhinger asserts that the manufacture, use, offer for sale, or sale of Barr Labs' ANDA Products do and will infringe claims of the '577 patent.

27. The manufacture, use, offer for sale, or sale of Barr Labs' ANDA Products do not and will not infringe valid claims of the '577 patent.

28. A present, genuine justiciable controversy exists between Barr Labs and Boehringer regarding the issue of whether the manufacture, use, offer for sale, or sale of Barr Labs' ANDA products would infringe claims of the '577 patent.

29. Barr Labs is entitled to a declaration that the manufacture, use, offer for sale, or sale of its ANDA products do not and will not infringe claims of the '577 patent.

## COUNT II
### Declaration of Invalidity of the '577 patent

30. Barr Labs re-alleges and incorporates herein the allegations of paragraphs 1-29.

31. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that claims of the '577 patent are invalid.

32. Boehringer asserts that valid claims of the '577 patent are infringed.

33. The manufacture, use, offer for sale, or sale of Barr Labs' ANDA Products do not and will not infringe valid claims of the '577 patent, as the claims of that patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103 or 112, or other judicially-created bases for invalidation.

34. A present, genuine, and justiciable controversy exists between Barr Labs and Plaintiffs/Counterclaim-Defendants Boehringer regarding the validity of the '577 patent.

35. Barr Labs is entitled to a declaration that claims of the '577 patent are invalid.

## COUNT III
### Declaration of Unenforceability of the '577 patent

36. Barr Labs re-alleges and incorporates herein the allegations of paragraphs 1-35.

37.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that claims of the '577 patent are unenforceable.

38.     Boehringer asserts that enforceable claims of the '577 patent are infringed.

39.     Prosecuting a patent application is an *ex parte* process, and patent applicants are subject to the duties of good faith, candor, and disclosure. *See* 37 C.F.R. § 1.56; *Manual of Patent Examining Procedure* (MPEP) § 2000.

40.     The duty of candor/disclosure requires, among other things, that the applicant, his or her agents and/or attorneys, the named inventors, and anyone else substantively involved in prosecuting the application to disclose all information that is material to the patentability of the claims.

41.     Pursuant to § 2001.06 of the MPEP, applicants and other individuals involved in the prosecution of the patent in suit have a duty to bring to the attention of the US Patent and Trademark Office any material prior art or other information cited or brought to their attention in any related foreign application.

42.     An applicant's intentional withholding of information known to be material to patentability with intent to deceive the PTO constitutes inequitable conduct and renders a patent unenforceable.

43.     No later than August 12, 1987, Boehringer, its agents, the named inventors, and/or the attorneys or agents involved in prosecuting the applications that resulted in the '577 patent knew of patent publication DE-A1-3,515,874 which resulted in U.S. Patent No. 4,594,024, issued to Klaus Weithmann ("the Weithmann references"). The DE '874 reference was

10

published on January 23, 1986 and the '024 Patent reference was published on September 15, 1987.

44. The Weithmann references disclose the administration of dipyridamole and acetylsalicylic acid "as a single dose," "together as a combination," or sequentially one after the other.

45. The Weithmann references are prior art for the asserted patent.

46. On the face of the '577 patent specification, and during the prosecution of the '577 patent, however, individuals representing Boehringer identified the Weithmann references but represented that it disclosed only "that the two components are released at different times."

47. Boehringer did not correct this misrepresentation at any time during the prosecution of the '577 patent.

48. The Weithmann references, properly disclosed and described, are not merely cumulative. The Weithmann references, properly disclosed and described, are material. The Weithmann references anticipate or render obvious each claim of the asserted patent. Thus, a patent examiner would consider a proper disclosure and description of the references important to patentability, the proper disclosure and description of the references affects the patentability of the patent in suit, and arguments made by the applicant during prosecution are contradicted by the references.

49. Upon information and belief, and based upon a reasonable inference because of the high materiality of the Weithmann references, Boehringer, its agents, the named inventors, and/or the attorneys or agents involved in prosecuting the applications that resulted in the '577 patent intentionally misrepresented the materiality and significance of the Weithmann references to the PTO.

11

50.     During prosecution of the '577 patent, the examiner rejected pending claims in light of the Weithmann references.

51.     In response to the rejection, the applicants for the '577 patent submitted the Declaration of Dr. Wolfgang Eisert. Dr. Eisert is one of the named inventors on the '577 patent.

52.     According to the Declaration, Dr. Eisert tested a claimed ratio of 8:1, and purportedly compared that ratio to a ratio of 4:1 which he characterized, explicitly or implicitly, as the prior art. In fact, the ratio of 8:1 was contained within the prior art disclosed range of ".5 and up to 30" found in the Weithmann references.

53.     According to the Declaration, Dr. Eisert purportedly obtained significantly better results using the claimed ratio of 8:1 as compared to a ratio of 4:1 which he characterized, explicitly or implicitly, as the prior art. In his characterization of the data, Dr. Eisert did not address the fact that the results using the claimed ratio of 8:1 were not significantly different than the results using the ratio of 10:1. In fact, the ratio of 10:1 is expressly disclosed as an endpoint of the range "preferably from .6 to 10" found in the Weithmann references.

54.     Upon information and belief, Boehringer, its agents, the named inventors, and/or the attorneys or agents involved in prosecuting the applications that resulted in the '577 patent had additional test data for other ratios or combinations that were not disclosed to the Patent Office but would have called into question the results that were actually reported.

55.     Upon information and belief, and based upon a reasonable inference because of the high materiality of the prior art ratios actually disclosed in the Weithmann references, Boehringer, its agents, the named inventors, and/or the attorneys or agents involved in prosecuting the applications that resulted in the '577 patent intentionally misrepresented the

materiality and significance of the Weithmann references, including the prior art ratios it had actually disclosed to the PTO.

56. Upon information and belief, and based upon a reasonable inference because of the high materiality of the misleading statements or misrepresentations in the Eisert Declaration, Boehringer, its agents, the named inventors, and/or the attorneys or agents involved in prosecuting the applications that resulted in the '577 patent intentionally misled the patent examiner by using and referring to the test results contained in the Eisert Declaration.

57. A present, genuine, and justiciable controversy exists between Barr Labs and Plaintiff/Counterclaim-Defendant Boehringer regarding the unenforceability of the '577 patent.

58. Barr Labs is entitled to a declaration that claims of the '577 patent are unenforceable.

WHEREFORE, Defendant/Counterclaim-Plaintiff Barr Laboratories, Inc. prays that the Court enter judgment in its favor and against Plaintiff/Counterclaim-Defendant Boehringer as follows:

a) For a declaration that Barr Laboratories, Inc.'s ANDA Products do not and will not infringe claims of U.S. Patent No. 6,015,577 ("the '577 patent");

b) For a declaration that the claims of U.S. Patent No. 6,015,577 are invalid;

c) For a declaration that the claims of U.S. Patent No. 6,015,577 are unenforceable;

d) For an award of attorneys' fees pursuant to 35 U.S.C. § 285;

e) For an award of costs; and

f) For such other relief as the Court determines to be just and proper.

PHILLIPS, GOLDMAN & SPENCE, P.A.

/s/ John C. Phillips, Jr.
John C. Phillips, Jr., Esquire (#110)
Brian E. Farnan, Esquire (#4089)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

and

WINSTON & STRAWN LLP

George C. Lombardi
Imron T. Aly
Timothy M. Schaum
35 West Wacker Drive
Chicago, IL 60601
(312)558-5600

Attorneys for Defendant
Barr Laboratories, Inc.