IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, DR. KARL THOMAE GMBH, BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BARR LABORATORIES, INC. and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | C. A. No. 07-432 (GMS) |

**PLAINTIFFS' REPLY TO DEFENDANTS' COUNTERCLAIMS**

Plaintiffs Boehringer Ingelheim Pharma GmbH & Co. KG, Dr. Karl Thomae GmbH, Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Pharmaceuticals, Inc. (collectively, "Boehringer") hereby reply to the numbered paragraphs of the counterclaims of Defendant Barr Laboratories, Inc. ("Barr") set forth in Barr's "Answer to Complaint, Affirmative Defenses, Counterclaims, and Jury Demand" filed on July 31, 2007 (D.I. 7), as follows:

1. Boehringer admits the allegations of paragraph 1 upon information and belief.

2. Boehringer admits the allegations of paragraph 2.

3. Boehringer admits the allegations of paragraph 3.

4. Boehringer admits the allegations of paragraph 4.

5. Boehringer admits the allegations of paragraph 5.

6. Boehringer admits the allegations of paragraph 6.

7. Boehringer admits that personal jurisdiction is proper solely with respect to this action, and otherwise denies the remaining allegations of paragraph 7.

8. Boehringer admits that venue is proper solely with respect to this action, and otherwise denies the remaining allegations of paragraph 8.

9. Boehringer admits the allegations of paragraph 9.

10. Boehringer admits the allegations of paragraph 10.

11. Boehringer admits the allegations of paragraph 11.

12. Paragraph 12 contains allegations of law to which no response is required. Boehringer further responds that Barr's characterization of the law is incomplete and/or inaccurate.

13. Paragraph 13 contains allegations of law to which no response is required. Boehringer further responds that Barr's characterization of the law is incomplete and/or inaccurate.

14. Paragraph 14 contains allegations of law to which no response is required. Boehringer further responds that Barr's characterization of the law is incomplete and/or inaccurate.

15. Paragraph 15 contains allegations of law to which no response is required. Boehringer further responds that Barr's characterization of the law is incomplete and/or inaccurate.

16. Paragraph 16 contains allegations of law to which no response is required. Boehringer further responds that Barr's characterization of the law is incomplete and/or inaccurate.

17. Paragraph 17 contains allegations of law to which no response is required. Boehringer further responds that Barr's characterization of the law is incomplete and/or inaccurate.

18. Boehringer admits the allegations of paragraph 18.

19. Boehringer admits that Barr represented in its notice letter dated May 31, 2007, that it had filed an ANDA seeking approval to manufacture, use, and sell 200 mg extended-release dipyridamole / 25 mg aspirin capsules. Except as admitted, Boehringer denies the allegations of paragraph 19.

20. Boehringer admits that Barr sent a notice letter dated May 31, 2007, indicating that Barr had filed an ANDA seeking approval to manufacture, use, and sell 200 mg extended-release dipyridamole / 25 mg aspirin capsules. Except as admitted, Boehringer denies the allegations of paragraph 20.

21. Boehringer admits the allegations of paragraph 21.

22. Boehringer admits that it has filed a patent-infringement lawsuit against Barr alleging that Barr's ANDA infringes the '577 patent and that Barr's ANDA products will infringe that patent. Except as admitted, Boehringer denies the allegations of paragraph 22.

23. Boehringer denies the allegations of paragraph 23.

## COUNT I

24. Boehringer realleges and incorporates herein its answers to each allegation of paragraphs 1-23.

25. Boehringer admits that Barr has asserted a counterclaim under the Patent Laws of the United States and the Declaratory Judgment Act, and that Barr seeks a declaration that claims of the '577 patent will not be infringed by the manufacture, use, offer for sale, or sale of Barr's ANDA products. Boehringer denies that Barr is entitled to any such relief.

26. Boehringer admits the allegations of paragraph 26.

27. Boehringer denies the allegations of paragraph 27.

28. Boehringer admits that a present, justiciable controversy exists between Barr and Boehringer sufficient to invoke the subject-matter jurisdiction of the Court. Boehringer otherwise denies the allegations of paragraph 28.

29. Boehringer denies the allegations of paragraph 29.

## COUNT II

30. Boehringer realleges and incorporates herein its answers to each allegation of paragraphs 1-29.

31. Boehringer admits that Barr has asserted a counterclaim under the Patent Laws of the United States and the Declaratory Judgment Act, and that Barr seeks a declaration that claims of the '577 patent are invalid. Boehringer denies that Barr is entitled to any such relief.

32. Boehringer admits the allegations of paragraph 32.

33. Boehringer denies the allegations of paragraph 33.

34. Boehringer admits that a present, justiciable controversy exists between Barr and Boehringer sufficient to invoke the subject-matter jurisdiction of the Court. Boehringer otherwise denies the allegations of paragraph 34.

35. Boehringer denies the allegations of paragraph 35.

## COUNT III

36. Boehringer realleges and incorporates herein its answers to each allegation of paragraphs 1-35.

37. Boehringer admits that Barr has asserted a counterclaim under the Patent Laws of the United States and the Declaratory Judgment Act, and that Barr seeks a declaration

that claims of the '577 patent are unenforceable. Boehringer denies that Barr is entitled to any such relief.

38. Boehringer admits the allegations of paragraph 38.

39. Paragraph 39 contains allegations of law to which no response is required. Boehringer further responds that Barr's characterization of the law is incomplete and/or inaccurate.

40. Paragraph 40 contains allegations of law to which no response is required. Boehringer further responds that Barr's characterization of the law is incomplete and/or inaccurate.

41. Paragraph 41 contains allegations of law to which no response is required. Boehringer further responds that Barr's characterization of the law is incomplete and/or inaccurate.

42. Paragraph 42 contains allegations of law to which no response is required. Boehringer further responds that Barr's characterization of the law is incomplete and/or inaccurate.

43. Boehringer admits that at least one of the named inventors or attorneys or agents involved in prosecuting the applications that resulted in the '577 patent was aware of the Weithmann references as of August 12, 1987. Boehringer also admits that DE-A1-3,515,874 was published on January 23, 1986, and that U.S. Patent No. 4,594,024 was granted on September 15, 1987. Except as admitted, Boehringer denies the allegations of paragraph 43.

44. Boehringer refers to the Weithmann references for what they state and otherwise denies the allegations of paragraph 44.

45. Boehringer admits the allegations of paragraph 45.

46. Boehringer admits that the Weithmann references are identified on the face of the '577 patent and were of record and considered by the '577 patent examiner during the prosecution of the '577 patent. Boehringer refers to the '577 patent and its prosecution history for what they state. Boehringer otherwise denies the allegations of paragraph 46.

47. Boehringer denies the assumed existence in paragraph 47 of a "misrepresentation at any time during the prosecution of the '577 patent" and otherwise denies the allegations of paragraph 47.

48. Boehringer denies the allegations of paragraph 48.

49. Boehringer denies the allegations of paragraph 49.

50. Boehringer refers to the '577 patent prosecution history for what it states and otherwise denies the allegations of paragraph 50.

51. Boehringer admits that a declaration of Dr. Wolfgang Eisert was submitted during prosecution of the '577 patent with a response to an office action and that Dr. Eisert is one of the named inventors on the '577 patent. Boehringer refers to the '577 patent prosecution history for what it states and otherwise denies the allegations of paragraph 51.

52. Boehringer refers to the Eisert Declaration and the Weithmann references for what they state and otherwise denies the allegations of paragraph 52.

53. Boehringer refers to the Eisert Declaration and the Weithmann references for what they state and otherwise denies the allegations of paragraph 53.

54. Boehringer denies the allegations of paragraph 54.

55. Boehringer denies the allegations of paragraph 55.

56. Boehringer denies the allegations of paragraph 56.

57. Boehringer admits that a present, justiciable controversy exists between Barr and Boehringer sufficient to invoke the subject-matter jurisdiction of the Court. Boehringer otherwise denies the allegations of paragraph 57.

58. Boehringer denies the allegations of paragraph 58.

WHEREFORE Boehringer requests the following relief on Barr's counterclaims:

1. That judgment be entered in favor of Boehringer and against Barr on each of Barr's counterclaims and that Barr take nothing by reason of its counterclaims;

2. That Boehringer be awarded its attorney fees and costs of suit incurred in defense of the counterclaims; and

3. That Boehringer be awarded such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden (#2881)*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
klouden@mnat.com
Attorneys for Plaintiffs

OF COUNSEL:

Bruce M. Wexler
Joseph M. O'Malley, Jr.
Eric W. Dittmann
PAUL, HASTINGS,
 JANOFSKY & WALKER LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

August 23, 2007
1219349

7

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:.

>John C. Phillips, Jr., Esquire
>Brian E. Farnan, Esquire
>Phillips, Goldman & Spence, P.A.

I further certify that I caused to be served copies of the foregoing document on August 23, 2007 upon the following in the manner indicated:

| | |
|---|---|
| John C. Phillips, Jr., Esquire<br>Brian E. Farnan, Esquire<br>Phillips, Goldman & Spence, P.A.<br>1200 North Broom Street<br>Wilmington, DE  19806 | *VIA ELECTRONIC MAIL<br>and HAND DELIVERY* |
| George C. Lombardi, Esquire<br>Imron T. Aly, Esquire<br>Timothy M. Schaum, Esquire<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL  60601 | *VIA ELECTRONIC MAIL<br>and FIRST CLASS MAIL* |

*/s/ Karen Jacobs Louden (#2881)*
Karen Jacobs Louden (#2881)