**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, DR. KARL THOMAE GMBH, BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | |
| Plaintiffs, | C. A. No. 07-432-GMS |
| v. | |
| BARR LABORATORIES, INC., and BARR PHARMACEUTICALS, INC., | |
| Defendants. | |

<u>**JOINT STATUS REPORT**</u>

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, D. Del. LR 16.2(b), and the Court's December 12, 2007 Order (D.I. 13), the parties, by and through their undersigned counsel, jointly submit this Status Report.  Counsel for the parties conferred in preparation for the status and scheduling conference before the Court on December 19, 2007 at 2:00 p.m. Attached for the Court's consideration as Exhibit A is a chart summarizing the parties' proposed schedule for this action.

The only schedule-related issue on which the parties could not reach agreement is addressed in Section 4 below.  In addition, the parties have been unable to reach agreement on the number of fact depositions (*see* Section 8(B)) and Barr's request for a jury demand (*see* Section 10).

1.      **Jurisdiction and Venue**

The parties agree that the Court has subject-matter jurisdiction over Plaintiffs' claims and Defendant's (Barr Laboratories) counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The parties further agree that the Court has personal jurisdiction over the parties for purposes of this action.

2.      **Substance of the Action**

This is a Hatch-Waxman Act patent infringement action.  Plaintiffs sell a drug product in the form of 200 mg extended-release dipyridamole / 25 mg acetylsalicylic acid capsules under the trademark AGGRENOX® pursuant to New Drug Application ("NDA") No. 20-884.  Plaintiffs contend that these drug capsules are covered by United States Patent No. 6,015,577 ("the '577 patent") and are prescribed to reduce the risk of a stroke in a patient who has had transient ischemia of the brain or completed ischemic stroke due to thrombosis.

Defendant filed an Abbreviated New Drug Application ("ANDA") No. 78-804 with the FDA seeking approval to manufacture, use, and sell generic 200 mg extended-release dipyridamole / 25 mg acetylsalicylic acid capsules ("the ANDA Product") before the expiration of the '577 patent.

Plaintiffs allege that the submission of Defendant's ANDA was an act of infringement of the '577 patent under 35 U.S.C. § 271(e)(2).  Defendant denies infringement, and contends that the claims of the '577 patent are invalid and unenforceable.

3.     __Identification of Issues__

(A)     **Plaintiffs**

Whether Defendant's submission of the ANDA was an act of infringement of the '577 patent under 35 U.S.C. § 271(e)(2) because the commercial manufacture, use, offer for sale, or sale of the ANDA product would infringe one or more claims of the '577 patent.

(B)     **Defendant**

(1)     Whether Defendant has infringed one or more claims of the '577 patent under 35 U.S.C. § 271(e)(2);

(2)     Whether the '577 patent claims are invalid; and

(3)     Whether the '577 patent is unenforceable.

4.     __Narrowing of Issues__

The parties expect that, as discovery proceeds and the case progresses, they may be able to narrow the issues by way of stipulation or agreement.  At this time there are no dispositive or partially dispositive issues appropriate for decision or motion.

Defendant requests that Plaintiffs provide a set of claims alleged to be infringed by January 25, 2008 and request that the Court insert such deadline (or an alternative date selected by the Court) into the Case Schedule.  Defendant expects to seek summary judgment at least based on patent invalidity relying upon the new Supreme Court standard set out in *KSR Int'l Col. v Teleflex, Inc.*, 127 S. Ct. 1727 (2007), and request that dates for dispositive motion briefing be included in the Case Schedule.

Plaintiffs do not believe a specific date for identification of asserted claims is appropriate and should instead occur as a normal part of fact discovery, just as Defendant will identify the prior art and any other information forming the basis for its assertion of invalidity and/or unenforceability of the claims.  Plaintiffs also believe that the January 25, 2008 date proposed by

Defendant is unworkable given the need for document and deposition fact discovery. Plaintiffs therefore propose that no such date be included in the Scheduling Order and that this matter be taken care of through the fact discovery procedures. If any such date is to be included in addition to the disclosures that otherwise will be required in normal discovery, however, Plaintiffs request (a) that the date be set closer to the end of fact discovery, and (b) that the Scheduling Order also include a date three weeks after the disclosure of asserted claims for Defendant to identify all prior art and other information forming the basis for Defendant's assertion of invalidity and/or unenforceability with respect to the patent claims.

Finally, Plaintiffs do not believe that Defendant's stated expectation regarding summary judgment motions is realistic or necessary given the demands of the compressed schedule, the technical and factual nature of the issues in this case, and that there is no right to a jury trial and this case will be tried to the Court.

### 5.  <u>Relief</u>

#### (A)  **Plaintiffs**

Plaintiffs seek at least the following relief:

(1)    a declaration that, under 35 U.S.C. § 271 *et seq.*, Defendant has infringed the '577 patent;

(2)    a permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Defendant, its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the making, using, offering for sale, and selling within the United States, or importing into the United States, its ANDA product;

(3)    an order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any approval of Defendant's ANDA No. 78-804 be a date that is not earlier than the expiration date

of the '577 patent, or any later expiration of exclusivity for the '577 patent to which Plaintiffs are or become entitled;

(4)     a declaration that this is an exceptional case and an award of Plaintiffs' attorney fees under 35 U.S.C. § 285; and

(5)     an award of costs.

**(B)     Defendant**

Defendant seeks at least the following relief:

(1)     a declaration that Barr Laboratories, Inc.'s ANDA Products do not and will not infringe claims of the '577 patent;

(2)     a declaration that the claims of U.S. Patent No. 6,015,577 are invalid;

(3)     a declaration that the claims of U.S. Patent No. 6,015,577 are unenforceable;

(4)     a declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285; and

(5)     an award of costs.

**6.     Amendment of Pleadings**

The parties propose a May 19, 2008 deadline for amendment of pleadings.

**7.     Joinder of Parties**

At present, the parties are not aware of any additional parties who should be joined in this action. The parties propose a May 19, 2008 deadline to add such parties.

**8.     Discovery**

**(A)     Issues**

**1.     Plaintiffs**

Plaintiffs require, at a minimum, the following discovery to prepare for trial: (i) written discovery to, and responses and documents from, Defendant and Barr Pharmaceuticals relating to

the parties' contentions; (ii) fact depositions of Defendant and Barr Pharmaceuticals and their key employees relating to Defendant's alleged infringement; (iii) fact depositions relating to validity issues, including the scope and content of the prior art being asserted by the Defendant and objective evidence of nonobviousness; (iv) discovery relating to Defendant's contentions in this case; and (v) expert discovery.

### 2.    Defendant

Defendant requires, at a minimum, the following discovery to prepare for trial:  (i) written discovery responses and documents from Plaintiffs relating to the parties' contentions; (ii) fact depositions of Plaintiffs and their key employees relating to the asserted claims and defenses; (iii) fact depositions, including of third parties, relating to validity issues including the scope and content of the prior art and to rebut secondary factors of nonobviousness; and (iv) expert discovery.

### (B)    Limitations on Discovery

The parties agree that discovery should be conducted in accordance with the parameters set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

The parties have agreed to limit the number of interrogatories to 25 per side.  The parties do not believe that any limitations are required at this time for document requests or requests for admission, as the parties have agreed to be reasonable and cooperative with respect to the number and timing of such requests.

Plaintiffs propose that each side be limited to 10 fact depositions, which number does not include depositions of experts during expert discovery.  Plaintiffs believe there is no reason to deviate from the limit set by Fed. R. Civ. P. 30 of 10 depositions.  Defendant proposes that each

side is limited to 20 fact depositions, due to the number of plaintiff entities and third parties expected to be deposed.

### (C)  Protective Order

The parties anticipate the need for entry of a protective order to protect the confidentiality of sensitive business information that may be exchanged during discovery, and are in the process of preparing a proposed protective order for this case.  The parties anticipate submitting a proposed protective order to the Court for its consideration.

### 9.  Estimated Trial Length

The parties believe at this time that they will require eight (8) days to resolve the issues set forth in the parties' respective pleadings.  The parties will cooperate in an attempt to reduce the length of trial through the use of stipulations and other means for expediting the presentation of evidence.

### 10.  Jury Trial

Defendant has requested a jury trial.  Plaintiffs' position is that, consistent with prior decisions of the Federal Circuit and of this Court, *see, e.g., Allergan, Inc. v. Alcon, Inc*., 2005 U.S. Dist LEXIS 41836 (D. Del. 2005), Defendant has no right to a jury trial in this ANDA case where no money damages are sought.  To the extent Defendant does not withdraw its demand, Plaintiffs will move to strike.

Defendant maintains that this issue is unripe because the issue can be resolved at a pretrial conference, that it is entitled to a jury trial especially if damages are later sought, and that this issue has not been finally decided by the Federal Circuit.

11.    **Settlement**

The parties have not yet had an opportunity to discuss settlement.  The parties are open to referral to a Magistrate Judge for informal mediation or settlement discussion at an appropriate time.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld (#1014)
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com

Of Counsel:

Bruce M. Wexler
Joseph M. O'Malley, Jr.
Eric W. Dittmann
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, NY  10022
(212) 318-6000

Attorneys for Plaintiffs

1337189

PHILLIPS, GOLDMAN & SPENCE, P.A.

/s/ John C. Phillips, Jr. (#110)
John C. Phillips, Jr. (#110)
Brian E. Farnan (#4089)
1200 North Broom Street
Wilmington, DE  19806
(302) 655-4200
jcp@pgslaw.com
bef@pgslaw.com

Of Counsel:

George C. Lombardi
Imron T. Aly
Timothy M. Schaum
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
(312) 448-5600

Attorneys for Defendants

**EXHIBIT A**

**AGREED UPON PROPOSED CASE SCHEDULE**

| EVENT | AGREED-UPON DEADLINE |
|---|---|
| Parties exchange initial disclosures | Within 10 days of date of scheduling order |
| Parties exchange claims terms to be construed and proposed constructions | May 16, 2008 |
| Deadline for joinder of parties/amended pleadings | May 19, 2008 |
| Parties meet and confer to identify and narrow claims terms in dispute | May 23, 2008 |
| Submission of Final Joint Claim Chart of terms for *Markman* proceedings | May 30, 2008 |
| Parties simultaneously file opening *Markman* briefs | June 13, 2008 |
| Parties simultaneously file responsive *Markman* briefs | June 30, 2008 |
| *Markman* hearing | July 2008 |
| Close of fact discovery | October 2, 2008 |
| Initial expert reports on issues on which the party bears the burden of proof | November 2, 2008 |
| Rebuttal expert reports | December 11, 2008 |
| Expert depositions to be completed | January 23, 2009 |
| Plaintiff provides draft pretrial order | February 20, 2009 |
| Defendant provides proposed revisions to pretrial order | February 27, 2009 |
| Motions *in limine* | Briefing to be completed by date of Pretrial Order |

| Pretrial order | March 2009 |
|---|---|
| Pretrial conference | April 2009 |
| Trial | May 2009 |