## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, DR. KARL THOMAE GMBH, BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | |
| Plaintiffs, | C. A. No. 07-432-GMS |
| v. | |
| BARR LABORATORIES, INC., | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

Boehringer Ingelheim Pharma GmbH & Co. KG, Dr. Karl Thomae GmbH, Boehringer

Ingelheim International GmbH, and Boehringer Ingelheim Pharmaceuticals, Inc. (collectively,

"Boehringer"), and Barr Laboratories, Inc. ("Barr"), have agreed that certain information subject

to discovery in this action may be claimed to contain proprietary or confidential trade secret,

technical, business, or financial information of the producing party or applicable non-party

within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure (collectively,

"Protected Information"). To facilitate discovery in this action, the parties accordingly stipulate,

subject to the approval of the Court, to the following Stipulated Protective Order:

1. <u>Designation of Protected Information</u>.

(a) The term "Designating Party" means the party or person designating

documents or information as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" under this

Order. The term "Designating Party" is defined to include parties as well as non-party persons

or entities subject to discovery in this action.

(b)     With respect to such Protected Information that has been or will be sought or produced during discovery, the Designating Party may identify or otherwise designate such matter as "CONFIDENTIAL" or "ATTORNEY EYES ONLY."

(c)     Information, documents, and things that a Designating Party in good faith believes constitutes or contains proprietary or confidential trade secret, technical, business, or financial information may be designated as "CONFIDENTIAL." The parties will use reasonable care to avoid designating any documents or other information as "CONFIDENTIAL" for which the Designating Party does not have a good-faith belief that the documents or information satisfy the criteria set forth in this subparagraph 1(c).

(d)     Information, documents, and things that a Designating Party in good faith believes constitutes or contains research and development information or competitively sensitive information, the disclosure of which to another party to this litigation can reasonably be expected to lead to competitive harm to the Designating Party, may be designated as "ATTORNEY EYES ONLY." Use of this highly restrictive designation is limited to information of the highest competitive sensitivity, and the parties will use reasonable care to avoid designating any documents or other information as "ATTORNEY EYES ONLY" for which the Designating Party does not have a good-faith belief that the documents or information satisfy the criteria set forth in this subparagraph 1(d).

(e)     Any copies of documents designated "CONFIDENTIAL" or "ATTORNEY EYES ONLY," abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, are also subject to the same terms regarding confidentiality of these documents and materials that shall apply as apply to the originals.

(f)    Designations of "CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall constitute a representation that such information has been reviewed by an attorney for the Designating Party and that there is a valid basis for such designation.

(g)    Paragraphs 10 and 11 describe the procedure for designating deposition testimony and documents filed in court as "CONFIDENTIAL" or "ATTORNEY EYES ONLY." However, those paragraphs do not affect the scope of what may be designated "CONFIDENTIAL" or "ATTORNEY EYES ONLY" as set forth in subparagraphs 1(c) and 1(d), respectively.

2.    Uses of Protected Information.  No person shall use any Protected Information, or information derived therefrom, for purposes other than the prosecution or defense of this action. This restriction expressly includes, but is not limited to, the use of any Protected Information in connection with patent prosecution or submissions to regulatory agencies, including without limitation, the FDA.  This paragraph also incorporates by reference all other restrictions on the use and disclosure of Protected Information as set forth in this Stipulated Protective Order.

3.    Identification of Documents and Things.

(a)    All documents and things produced in discovery by each Designating Party shall bear identifying numbers when a copy or copies are produced to a party in this action ("Discovering Party").   The identity of the Designating Party shall be clearly identified by identifying numbers and/or letters stamped or printed on the documents or things pursuant to this Paragraph 3.  All documents and things that contain "CONFIDENTIAL" information shall be designated by conspicuously affixing a legend in the form of "CONFIDENTIAL" on every page. All documents and things that contain "ATTORNEY EYES ONLY" information shall be designated by conspicuously affixing a legend in the form of "ATTORNEY EYES ONLY" or

"OUTSIDE COUNSEL ONLY" on every page.  Materials submitted on disk or other recording may be labeled in accordance with this Protective Order, and if the materials therein are separately used or printed, they must be used in accordance with the marking on the disk or recording.

(b)    Prior to producing documents for inspection, counsel for the producing party may orally or in writing designate documents being produced for inspection as containing "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information, thereby making them subject to this Stipulated Protective Order; however, any copies of such documents must be marked by the Designating Party in accordance with subparagraph 3(a) at the time copies are provided.

4.    "CONFIDENTIAL" Information — Permitted Disclosure.    Information, documents, and things designated as "CONFIDENTIAL" by a Designating Party in accordance with Paragraph 1 shall not be disclosed, given, shown, made available, or communicated in any way, directly or indirectly, by the Discovering Party to anyone other than the following persons:

(a)    the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

(b)    the outside attorneys for the parties in this action as specifically set forth below and any other outside counsel for a party that appears in this action, and photocopy services personnel retained by counsel, their respective legal assistants, law clerks, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

Attorneys for Boehringer:
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200

PAUL HASTINGS LLP
75 East 55th Street

New York, NY 10022
(212) 318-6000

Attorneys for Barr:
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

(c)     the following in-house counsel of the parties, provided that any such employees do not, and will not, until one (1) year after the termination of this litigation, engage, formally or informally, in any patent prosecution relating to any patents on the combination of dipyridamole and acetylsalicylic acid.

|  |  |
|---|---|
| For Boehringer: | Edward Miller, Esq. (Vice President, Associate General Counsel, Litigation) |
|  | Michael Morris, Esq. (Vice President, Associate General Counsel, Intellectual Property) |
|  | Paula K. Wittmayer, Esq. (Senior Associate Director & Senior Counsel, Intellectual Property) |
|  | David Dow (Senior Counsel, Intellectual Property) |
| For Barr: | Frederick J. Killion, Esq. (Executive Vice President and General Counsel) |
|  | Heidi Kraus, Esq. (Vice President, Chief Intellectual Property Counsel) |
|  | Azeen James, Esq. (Vice President, Intellectual Property & Associate Counsel) |

5

As a condition precedent to disclosure of Protected Information to any persons described in this subparagraph (c), he or she must sign the Declaration and Agreement to be Bound attached hereto as Exhibit A. Outside counsel shall maintain a file of all such Declarations until the conclusion of the litigation. The parties shall have the right to substitute new attorneys in their respective employ for existing in-house counsel, provided that the previous attorney or attorneys are no longer in the employ of the respective party and provided that the substituted attorneys meet the criteria and comply with the procedures set forth in this subparagraph (c). To the extent that any such attorney is substituted, the opposing party shall be notified of the identity of the in-house counsel who left the party's employ and the identity of the substitute in-house counsel no less than 5 business days before such substituted attorney(s) are allowed access to Protected Information. This subparagraph (c) may be expanded by mutual agreement in writing by counsel for Boehringer and Barr.

(d)      any person who authored the designated document or who is listed on the face of the designated document as an author, sender, addressee, recipient, or copyee;

(e)      outside consultants or independent experts who are not current employees of any party in this matter and who have been retained by counsel for one of the parties for the sole purpose of providing expert consultation or testimony in this action or otherwise to assist in the preparation of this action for trial (each referred to herein as an "Expert"), but such disclosure shall be subject to the requirements of Paragraph 7 below;

(f)      court reporting and deposition videography services and other third party vendors who provide jury consulting, document management, document copying, database, graphics, or other litigation-support services in connection with this action.

5.    "ATTORNEY EYES ONLY" Information — Permitted Disclosure.  Information
and things designated as "ATTORNEY EYES ONLY" by a Designating Party in accordance
with Paragraph 1 shall not be disclosed, given, shown, made available, or communicated in any
way, directly or indirectly, by the Discovering Party to anyone other than the following persons:
the persons and entities listed in subsections (a), (b), (d), (e), and (f) of Paragraph 4 to whom
"CONFIDENTIAL" information may be disclosed.

6.    Recipients of Protected Information.

(a)    Protected Information shall be maintained by the Discovering Party under
the overall supervision of outside counsel.  The attorneys of record for the parties shall exercise
best efforts to ensure that the information and documents governed by this Stipulated Protective
Order are (i) only used for the purposes set forth herein and (ii) disclosed only to authorized
persons.  Moreover, any person in possession of Protected Information shall exercise reasonably
appropriate care with regard to the storage, custody, or use of such Protected Information to
ensure that the confidential, restricted, or highly confidential nature of the same is maintained.

(b)    All individuals to whom Protected Information is to be disclosed shall be
instructed that Protected Information may not be used other than in the prosecution or defense of
this litigation, and may not be disclosed to anyone other than those persons authorized by this
Stipulated Protective Order.  Counsel for all parties other than the Designating Party shall take
reasonable steps to ensure adherence to the terms and conditions of this Stipulated Protective
Order by their respective employees.

7.    Requirements for Disclosure to Experts.  The following provisions shall apply to
the disclosure of Protected Information to an Expert pursuant to Paragraphs 4(e) and 5 above:

7

(a)    Not less than five (5) business days prior to the disclosure of Protected Information to an Expert, the party contemplating such disclosure shall give written notice to the Designating Party.  The required Notice shall include at least the following information:  (1) the full name and business address of the person to whom the party proposes to make disclosure; (2) the person's curriculum vitae, resume, or other document identifying, at a minimum, the person's post-secondary educational degrees, current employer, and title/position, and any titled positions currently held by such person with industrial or trade organizations; (3) identification of each of the person's employers, positions with such employers, and consulting clients over the preceding ten (10) years, specifically identifying any engagements related to the Designating Party; and (4) a list of the cases in which the Expert has testified at deposition, at a hearing, or at trial within the preceding five (5) years.  Identification of a person pursuant to this paragraph 7 shall not, itself, give rise to a right to depose the person as an expert or consultant.

(b)    Such an Expert shall acknowledge in writing, by signing the Confidentiality Undertaking attached hereto as Exhibit A, that:  (1) he or she has been informed of this Stipulated Protective Order, that he or she has been provided with a copy thereof, and that he or she fully understands and agrees to his or her obligations pursuant to this Stipulated Protective Order; and (2) that he or she fully understand that the intentional or willful violation of the terms of the Stipulated Protective Order constitutes violation of a Court order and may subject him or her to sanctions or other remedies that may be imposed by the Court and potential liability in a civil action for damages by the disclosing party.  A copy of such Confidentiality Undertaking shall be served on counsel for the Designating Party.

(c)    If the Designating Party does not object in writing within five (5) business days after service of the written notice and Confidentiality Undertaking, disclosure of the

Confidential Information to such individual may occur. If the Designating Party objects to the proposed disclosure, whether in whole or in part, the Designating Party shall fully state the reason(s) for its objection(s) in writing at the time the objection is made. If the Designating Party objects to the proposed disclosure, the parties shall meet-and-confer within five (5) business days in a good-faith attempt to resolve any challenge on an expedited and informal basis. If the parties are unable to resolve the dispute after meeting-and-conferring, the Designating Party shall apply for appropriate ruling(s) from the Court no later than seven (7) business days after such meet-and-confer. The Designating Party shall apply for appropriate ruling(s) from the Court by following Section 4(a) of this Court's January 11, 2008 Scheduling Order. Failure to apply for appropriate ruling(s) from the Court within the aforementioned seven (7) business days after the meet-and-confer shall constitute waiver by the Designating Party of its objections and approval of the proposed disclosure, and the Discovering Party may make the proposed disclosure. Notwithstanding the Designating Party's obligation to seek appropriate ruling(s) from the Court, the party proposing to make the disclosure also may seek appropriate ruling(s) from the Court. No party shall oppose an application made pursuant to this subparagraph on the ground that the application is made on an expedited basis. While any such timely filed application is pending, and during the interim after a timely objection and before a decision on the corresponding timely filed application, the party seeking to make the proposed disclosure shall refrain from so doing. The Designating Party shall bear the burden of demonstrating that disclosure of the Protected Information to the proposed non-party expert or consultant would prejudice the Designating Party.

8.    Non-Testifying Experts. To the extent a designated individual to whom Protected Information may be disclosed pursuant to subsections 4(e) and 5 of this Stipulated Protective

Order is or may be a non-testifying Expert consulted by counsel, the following provisions are applicable in addition to those in subsection 7 of this Stipulated Protective Order:

(a)    No party will be deemed to have waived any privilege by disclosing the name of a non-testifying Expert to whom counsel intends to show Protected Information.

(b)    No non-testifying Expert disclosed pursuant to paragraph 7 will be subject to deposition or subpoena as a witness at trial based solely on the fact that he/she was the subject of such disclosure.  This provision is not intended to preclude the deposition or trial testimony of any individual whom a party believes in good faith has preexisting independent knowledge of facts relevant to the case.

(c)    Nothing in this paragraph 8 is intended to limit discovery of or with regard to Experts who produce reports in this case in anticipation of testifying at trial.

(d)    Nothing in this paragraph 8 is intended to modify Federal Rule of Civil Procedure 26(b)(4)(B).

9.    <u>Designation of Interrogatory Answers or other Written Discovery Responses</u>.  In the case of interrogatory answers or other written discovery responses disclosing Protected Information, designation shall be made by placing the legend "CONFIDENTIAL" or "ATTORNEY EYES ONLY" on each page of such answer in the same manner as the underlying documents or information, or next to the case caption on the face page of such answer designating those portions of the answer which are "CONFIDENTIAL" or "ATTORNEY EYES ONLY."

10.    <u>Designation of Deposition Testimony</u>.  For depositions taken in this litigation, a party may designate the testimony as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" by indicating on the record at the deposition that the testimony contains "CONFIDENTIAL" or

"ATTORNEY EYES ONLY" information that is to be made subject to the provisions of this Order or, alternatively, by notifying all parties in writing within thirty (30) calendar days of the Designating Party's receipt of the official transcript. Until such thirty (30) calendar days have expired or until receipt of the notice referred to in this paragraph 10, whichever occurs sooner, the entire transcript shall be treated as having been designated "ATTORNEY EYES ONLY." At the expiration of the said thirty (30) calendar day period, unless written designations have been provided or unless oral designations were made on the record at the deposition, the entire transcript shall be deemed non-confidential.

Notwithstanding the foregoing, any individual described by Local Rule 30.3 may attend a deposition at which Protected Information may be disclosed. In the event that such individual is not authorized to receive Protected Information under paragraphs 4 or 5, the Designating Party shall have the right to exclude such persons from the deposition during the period any Protected Information is disclosed or discussed.

11.     <u>Designation of Documents Filed in Court</u>.

(a)     Any discovery papers, including deposition transcripts, exhibits, or other documents, and any court documents such as briefs or motions, to be filed with the Court and that include Protected Information shall be filed under seal pursuant to the provisions of the Local Rules of the Court. This paragraph shall not prevent a second copy of any such pleading or other document specifically intended for review by the Court from being hand-delivered to chambers to assure prompt attention hereto, so long as reasonable safeguards are observed to maintain the confidentiality of the documents.

(b)    The parties agree that all papers or documents containing Protected Information shall be filed with the Court in accordance with CM/ECF procedures for filings under seal.

12.    <u>Use of Protected Information in Examining Witnesses</u>.    Protected Information produced by a party may be utilized in examining or cross-examining any witness in deposition or at trial who either:  (i) is authorized to be shown the Protected Information pursuant to paragraphs 4 or 5; (ii) is a current employee of the party producing such Protected Information, or a representative of that same party; (iii) is a former employee of the party producing such Protected Information so long as the witness is either authorized to see the Protected Information under paragraphs 4 or 5 or was (either at the time of the creation of the Protected Information or the commencement of this action) employed by the Designating Party and reasonably likely to have had prior legitimate access to the document or the information contained therein during his or her employment with the Designating Party; or (iv) has knowledge of the Protected Information, as demonstrated on the face of the Protected Information itself or by foundation testimony during a deposition, hearing or trial which does not itself reveal the Protected Information, but only to the extent of that knowledge.

13.    <u>Limitations on Restrictions</u>.

(a)    The restrictions of this Stipulated Protective Order shall not apply to any Protected Information which in the future is: (i) deemed (either by agreement of the parties or by order of the Court) to be no longer entitled to protection under this Order; (ii) made known to the Discovering Party on a non-confidential basis by the Designating Party; (iii) otherwise subsequently and lawfully made known to the Discovering Party on any basis by any source other than the Designating Party; or (iv) is used as an exhibit in Court (unless such exhibit was

filed under seal or protected from public disclosure); further, said restrictions shall not apply to any information which the Discovering Party shall establish was already lawfully known to it at the time of disclosure, or has been or becomes a matter of public knowledge, or publicly available, subsequent to disclosure through no act or fault of the Discovering Party or any agent or representative of said party.

(b)     Nothing in this Stipulated Protective Order shall preclude any party or its counsel of record from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY."

14.     Providing Legal Advice.  Subject to the provisions of paragraph 2, nothing in this Stipulated Protective Order shall bar or otherwise restrict any outside counsel or persons who are employed as in-house counsel for a party from discussing this action and/or rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Protected Information; provided, however, that, in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of Protected Information to any person not entitled to have access to it.

15.     Prohibited Use of Protected Information.  Subject to the provisions of paragraphs 13 and 14, regardless of the classification of document and things as "CONFIDENTIAL" or "ATTORNEY EYES ONLY," any Protected Information produced by either party in connection with this litigation, and any information contained therein, may not be used by a Discovering Party for any reason other than the prosecution or defense of this litigation, without the prior, express written consent of the Designating Party.  By way of example and not of limitation, a Discovering Party may not use Protected Information of a Designating Party in connection with

business or marketing efforts, or any press releases, press announcements, or news conferences, nor in connection with any patent prosecution or regulatory submissions, without the prior, express written consent of the Designating Party. Any person receiving Protected Information shall not disclose it to any person who is not entitled to receive such information under this Order. If Protected Information is disclosed to any person who is not entitled to receive such information under this Order, the person responsible for the disclosure will inform counsel for the Designating party and make a reasonable good-faith effort to retrieve such material and to prevent further disclosure of it by the person who received such information. This paragraph does not limit a Designating Party's rights to take any action with regard to a violation of this Stipulated Protective Order.

16.    <u>Limited Intent of Stipulated Protective Order</u>.  This Stipulated Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the agreement of the parties, nor the designation of any information, document, or the like as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

17.    <u>Challenging a Designation</u>.  At any time, the Discovering Party may notify the Designating Party, in writing, of an objection to the designation of certain information, documents or things by identifying each document or thing which the party contends is not protectable as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" and stating why it believes each document or thing is not protectable. No later than ten (10) business days after the Designating Party's receipt of such notice, the parties shall meet and confer in a good-faith attempt to resolve any challenge on an expedited and informal basis. If the parties are unable to

14

reach an agreement on the disputed confidentiality designation, the Discovering Party may apply to the Court for an Order removing such designation, and the Designating Party shall respond with its reasons for making the designation. The Designating Party shall apply for appropriate ruling(s) from the Court by following Section 4(a) of this Court's January 11, 2008 Scheduling Order. The party claiming confidentiality shall bear the burden of establishing the confidential nature of the information. Until a determination by the Court, the information in issue shall be treated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information subject to the terms of this Order. Any failure to object to any material being designated "CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall not be construed as an admission by any party that the material constitutes or contains a trade secret or other confidential information.

18.    <u>Inadvertent Disclosure</u>.    Information produced without the designation of "CONFIDENTIAL" or "ATTORNEY EYES ONLY" may be so designated subsequent to production if the Designating Party provides replacement materials bearing appropriate designations and notifies the Discovering Party promptly after becoming aware that the Designating Party failed to make such designation at the time of production. Upon receipt of any such re-designation, the Discovering Party shall promptly collect copies reasonably available to it of the previously produced documents and either (a) return them to the Designating Party or (b) certify in writing that they have been destroyed and take reasonable steps to prevent any further dissemination of the Protected Information.

19.    <u>Recall of Inadvertently Produced Privileged Information</u>.    The inadvertent or unintentional disclosure by a Designating Party of information subject to a claim of attorney-client privilege or work-product immunity shall not be automatically deemed a waiver in whole or in part of the claim of privilege or work-product immunity, either as to the specific

information disclosed or as to any other information relating thereto. If a Designating Party has inadvertently produced or disclosed documents or information subject to a claim of immunity or privilege, the Discovering Party, upon written request, shall within five (5) business days of a written request return the inadvertently produced documents and information, and all copies thereof that may have been made, or certify to the Designating Party the destruction of such documents and information. The Discovering Party may apply to the Court for an order compelling production of such documents or information on grounds other than waiver by its earlier production. The Designating Party shall retain copies of all inadvertently produced documents or information for further disposition. Within five (5) business days of the return or destruction of any such documents or information, the Designating Party shall provide a privilege log with entries for all returned documents and tangible items.

20.    Applicability to Third Parties. The terms of this Stipulated Protective Order shall be applicable to any third party who produces information that is designated by such third party as "CONFIDENTIAL" or "ATTORNEY EYES ONLY." Nothing in this paragraph permits a party to designate as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" any information produced in this litigation by a third party which that third party did not itself designate as "CONFIDENTIAL" or "ATTORNEY EYES ONLY," unless the third party has confidential information of a party that it is legally obligated to maintain as confidential.

21.    Termination of This Action.

(a)    All provisions of this Stipulated Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Stipulated Protective Order, after the conclusion of this action, including all appeals until further Order of the Court except that: (i) there shall be no

16

restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal or protected from public disclosure); and (ii) a party may seek the written permission of the Designating Party or further order of the Court with respect to the dissolution or modification of this Stipulated Protective Order.

(b)     Within sixty (60) calendar days after final disposition of this litigation, including all appeals therefrom, all Protected Information, copies of Protected Information, and all excerpts therefrom in the possession, custody, or control of the parties other than the Designating Party shall be verified as destroyed or returned to counsel for the Designating Party. Notwithstanding the foregoing, outside counsel for each party shall be entitled to retain one complete and unredacted set of all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (regardless of whether such materials contain or reference Protected Information for archival records) provided that such outside counsel, and employees and agents of such outside counsel, shall not use or disclose any Protected Information contained or referenced in such materials to any person except pursuant to a court order or agreement with the Designating Party.  The Court retains exclusive jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Stipulated Protective Order.

22.    <u>Third Party Subpoenas.</u>  In the event that either party having possession, custody or control of any materials designated "CONFIDENTIAL" OR "ATTORNEY EYES ONLY" receives a subpoena or other process or order from a non-party to this action to produce such materials in another, unrelated legal proceeding, the party thus served shall promptly notify counsel for the Designating Party of the subpoena or other process or order, furnish counsel for the Designating Party with a copy of said subpoena or other process or order and cooperate with

respect to all reasonable procedures sought to be pursued by the Designating Party whose interests may be affected. Except as may be agreed upon by the Designating Party in writing or ordered by a Court, the subpoenaed party shall timely object to the production of information designated as Confidential in response to the subpoena on the ground that it is subject to this Protective Order. The Designating Party shall have the burden of resisting production on grounds of Confidentiality or obtaining modification of the Protective Order in any legal proceedings relating to the enforcement, quashing or modification of the subpoena or other process or order.

23.    Other Proceedings.  By entering this Stipulated Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "ATTORNEY EYES ONLY" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

24.    Amendments to this Order.  This Order is without prejudice to the right of any party to seek amendment of this Order, or to otherwise seek relief from the Court, upon good cause shown, from any of the restrictions contained herein, or to seek additional protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or the Court's Local Rules.

25.    Interim Applicability.  Until such time as this Stipulated Protective Order has been entered by the Court, the parties agree that, upon execution by the parties, it will be treated as though it had been "So Ordered."

DONE AND ORDERED THIS _____ day of _____, 2008.

_____
U.S.D.J.

SO STIPULATED:

Date: June  18, 2008

*/s/ Karen Jacobs Louden*

_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street, P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200

Bruce M. Wexler
Joeseph M. O'Malley, Jr.
Eric W. Dittmann
PAUL HASTINGS JANOFSKY & WALKER LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000
*Attorneys for Boehringer*

Date:  June 18, 2008

*/s/ John C. Phillips, Jr.*

_____
John C. Phillips, Jr., Esq. (#110)
Brian E. Farnan, Esq. (#4089)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

George C. Lombardi
Imron T. Aly
Ivan M. Poullaos
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 448-5600
*Attorneys for Barr*

# EXHIBIT A

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

BOEHRINGER INGELHEIM PHARMA
GMBH & CO. KG, DR. KARL THOMAE
GMBH, BOEHRINGER INGELHEIM
INTERNATIONAL GMBH, and BOEHRINGER
INGELHEIM PHARMACEUTICALS, INC.,

        Plaintiffs,

        v.

BARR LABORATORIES, INC.

        Defendants.

C. A. No. 07-432-GMS

## DECLARATION AND AGREEMENT TO BE BOUND

I, _____, declare and state under penalty of that:

1. My present residential address is _____.

2. My present employer is and the address of my present employer is _____

_____.

3. My present occupation or job description is _____

_____.

4. 1 have received and carefully read the Stipulated Protective Order dated _____ and understand its provisions. Specifically, I understand that I am obligated, under order of the Court, to hold in confidence and not to disclose the contents of anything marked CONFIDENTIAL to anyone other than the persons permitted by paragraphs 4-5 of the Stipulated Protective Order. I further understand that I am not to disclose to anyone other than the persons permitted by paragraphs 4-5 of the Stipulated Protective Order any words,

substances, summaries, abstracts, or indices of any CONFIDENTIAL information disclosed to me. I will use the CONFIDENTIAL information solely for purposes relating to the above-captioned litigation. I will never use any CONFIDENTIAL information, directly or indirectly, in competition with the disclosing party, nor will I knowingly permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Stipulated Protective Order.

5.     At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or by whom I have been retained, all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials, containing or reflecting CONFIDENTIAL information that have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

6.     I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on_____              _____

                                                Signature


LEGAL_US_E # 76127506.4

2